DICKINSON, Presiding Justice,
concurring in part and in result:
¶ 111. Mississippi’s capital-murder-sentencing statute includes four categories of persons who may be sentenced to death for capital murder: persons who (1) actually killed, (2) attempted to kill, (3) intended that a killing take place, or (4) contemplated that lethal force would be employed.[15] In Tison v. Arizona, the United States Supreme Court approved the first three categories.[16] But, because the fourth category is hopelessly at odds with the United States Supreme Court’s minimum require *65 ments for the death penalty, I respectfully disagree with part of the majority's reasoning. However, in this case, the jury did not apply that statutory factor to sentence Cox to death, so I concur in the result reached by the majority.
¶ 112. In Tison v. Arizona, the United States Supreme Court limited those who may be sentenced to death for capital murder to persons who “actually killed, attempted to kill, or intended to kill”[17] And in addressing and clarifying its prior decision in Enmund v. Florida, the Court held that death may be imposed based on “major participation in the felony committed, combined with reckless indifference to human life,”[18] but the Court repudiated the Arizona Supreme Court’s reasoning, which found that the intent discussed in Enmund included “situation[s] in which the defendant intended, contemplated, or anticipated that lethal force would or might be used or that life would or might be taken in accomplishing the underlying felony.”[19]
¶ 113. Our current capital-murder statute has not been amended to meet the Tison Court’s requirements. Our statute’s language that allows a death sentence for those who “contemplated that lethal force would be employed,”[20] mirrors language that the United States Supreme Court repudiated in Tison.[21]
¶ 114. So I cannot agree with prior decisions of this Court which have found this statutory factor constitutional. In my view, a jury cannot constitutionally impose a death sentence when it merely finds that the defendant “contemplated” the use of lethal force. But in the case before us today, the jury found that Cox actually killed, so this constitutional infirmity could not have affected his sentence, and I agree with the majority that his sentence should be affirmed.
¶ 115. I must also note that, while I do not agree that the trial judge committed reversible error by admitting the forensic interview, I do believe he committed error, and Justice Kitchens’s concern is not without basis in the record. In a pretrial argument, the prosecutor’s primary reason for offering the videos of the forensic interviews was “due to their tender years and the harm .to them that their out-of-court statements should be admitted into evidence with the defendant having the right to cross-examine these children.” In other words, “judge, we don’t want to traumatize the children by calling them to the stand, so we should be allowed to use the videos of the forensic interviews, and they can cross-examine if they want to.”
¶ 116. I believe it is clear that this argument persuaded the trial judge to allow the video to be played to the jury. Then, after the video was played, the prosecutor surprised everyone by calling L.K. anyway, prompting an objection by defense counsel, who had waived any cross-examination. So it is disturbing — and I believe erroneous — that the trial judge allowed both the video interview and the live testimony of L.K, particularly when the prosecutor’s primary argument for use of the video was to keep L.K. from having to testify. But I cannot conclude that the *66 error influenced the jury’s verdict,-so I conclude it was harmless.
KITCHENS, J., JOINS THIS OPINION IN PART.

. Miss.Code Ann. § 99-19-101(7) (Supp. 2014).

. Tison v. Arizona, 481 U.S. at 149-50, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987) (citing Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982)).

. Tison v. Arizona, 481 U.S. at 149-50, 107 S.Ct. 1676, (citing Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140).

. Tison, 481 U.S. at 158, 107 S.Ct. 1676.

. Id. at 150, 107 S.Ct. 1676 (quoting State v. Tison, 142 Ariz. 454, 456, 690 P.2d 755 (1984)) (emphasis added).

. Miss.Code Ann. § 99-19-101(7).

. Tison, 481 U.S. at 150, 107 S.Ct. 1676 (quoting Tison, 142 Ariz. at 456, 690 P.2d 755).